Totten, J.,
delivered the opinion of the court.
Carroll King and William Nuthill were indicted in the Criminal Court of Davidson, for the murder of James Rhodes; that is, the said Carroll King as principal, and the said William Nuthill as accessory before the fact. At the April Term, *248 1849, of said court, the principal was convicted of the murder in the first degree with mitigating circumstances, and sentenced to the penitentiary of the State for life.
At the October Term, 1850, the prisoner William Nuthill, was convicted as accessory to the murder before the fact, and sentenced to the penitentiary of the State for life.
The judgment of the law upon this grade of homicide is death, both as to the principal, and the accessory before the fact.
But by statute (1838, ch. 29,) “where any person is convicted of murder in the first degree” and the jury shall be of the opinion and find that there “were mitigating circumstances in the case,” the punishment shall be commuted to imprisonment for life. Under this law the principal was sentenced to imprisonment for life, there being mitigating circumstances in the commission of the offence. Upon principle, the prisoner, as accessory, cannot be guilty of a greater offence than his principal; nor be made to suffer a greater punishment for being accessory to that offence. He may be guilty of a higher grade of moral turpitude, and intend that his principal shall commit the highest grade of offence. _ Yet if it be not committed, or a less offence be committed, the accessory is not to be punished for what may be intended, but for what was actually perpetrated.
It is true that the grade of the offence in the principal is that of murder in the first degree, and the punishment of that offence is death. But the offence was mitigated by the facts of the cáse ; and the punishment was mitigated by the law applicable to those facts.
Now it would be an anomaly in the law, and a violation of principle, to impose a greater punishment upon the accessory, than the principal; and as the punishment of the principal was lawfully and properly mitigated to imprisonment for life, so that of the accessory should receive the same mitigation. *249 If the punishment inflicted upon the principal is just and reasonable in the judgment of the law, for the offence committed, a greater punishment of the accessory for the same offence would be unjust and unreasonable. This view of the subject is in conformity to reason and the rule of the common law, and there is nothing in our statutes, which should produce any change in it in this respect
The judgment of the court was therefore correct.
As to the facts of the case, they having been contested in the argument, we consider them entirely conclusive of the prisoner’s guilt, if the witnesses are to be believed, and as their credit has not been successfully impeached, and the jury, the proper forum for such a question, have determined in favor of their credibility, we are satisfied with the verdict; believing it to be well warranted by the proof. The argument drawn from the want of motive is of no value where the proof is evident; for in such case, the want of motive only adds to the enormity of the offence.
Let the judgment be affirmed.